No. 11,282.

FLICK v. INDUSTRIAL COMMISSION, et al.

Decided October 5, 1925.

Proceeding under the workmen's compensation act. Judgment for claimant.

*Reversed.*

1. WORKMEN'S COMPENSATION—*Lessor—Liability.* Where the owner of land agreed that another might enter thereon and operate a gravel pit on a royalty basis, it is held that the industrial commission was not justified in finding him liable for the payment of compensation as a lessor, under section 4423, C. L. '21.

2. LANDLORD AND TENANT—*Lease—License.* Oral permission of the owner of land to another to operate a gravel pit thereon on a royalty basis, held to be a license and not a lease.

3. WORKMEN'S COMPENSATION—*50 Per Cent Clause—Constitutionality.* Section 27 of the workmen's compensation act, providing a 50 per cent increase in awards where no insurance is carried by the employer, is not unconstitutional as violative of section 20, article 2. The section is not penal in its nature, but simply provides additional compensation in the class of cases mentioned.

4. CONSTITUTIONAL LAW—*Workmen's Compensation.* Sections 27, 49 and 50 of the workmen's compensation act are not class legislation, and not unconstitutional on that ground. Neither is section 49 unconstitutional because inconsistent with section 8; they may be construed together.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. F. E. GREGG, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission awarded to John Coan compensation for an injury arising out of and in the course of his employment by one Ish in a gravel-pit on the land of Flick, the plaintiff in error. Flick brought suit in the district court where the award was affirmed and he brings the case here on error.

The finding of the commission was that Ish, "the respondent employer, was leasing such land from W. M. Flick under an oral royalty contract;" "under sections 49 and 50 of the compensation act W. M. Flick is required to pay compensation to the claimant." Section 49 (§ 4423, C. L. '21) reads in part as follows: "Any person, * * * operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee * * * shall * * * be construed to be and be an employer as defined in this act and shall be liable as provided in this act to pay compensation * * * to said lessees * * * and their employes."

The first proposition of plaintiff in error is that the evidence does not justify the finding of the commission that he was leasing to Ish, still less that he was "operating or engaged in or conducting any business by leasing." The evidence on that point is that there was an oral agreement between Flick and Ish that Ish might enter on the land of Flick and operate a gravel pit with machinery for the purchase of which Flick loaned the money to Ish, and that Ish was to pay a royalty upon each yard of gravel taken out. Flick retained possession of the land and raised a crop on it; no time nor, apparently, any extent of space was fixed. Was this a lease? The plaintiff in error urges that it is a mere license, and the authorities bear him out in that claim. How can an estate in the land pass by virtue of such a transaction? 1 Underhill Landlord and Tenant §§ 193, 194; *Rockport v. Rockport Granite Co.*, 177 Mass. 246, 58 N. E. 1017, 51 L. R. A.

779; *Appeal of Duff,* (Pa.) 14 Atl. 364; *Wheeler v. West,* 71 Cal. 126, 11 Pac. 871. The word leasing must be taken in its ordinary sense, and cannot be extended to include something not a lease, and a license is not a lease. Our conclusion must be that the finding of the commission that there was a lease is not justified by the evidence. In view of this conclusion the questions whether a lessor is, ipso facto, liable as an employer, or whether a contract for a royalty as distinguished from rent makes him so, are not now before us, and since the commission has found merely a leasing, the other factors mentioned in the statute as sufficient to charge an owner with the liabilities of an employer must be deemed to have been found in the negative and the case must be reversed.

We think, however, that since there was some claim that the plaintiff in error had some interest in the business of the licensee, that the commission should make specific findings on that point. We doubt the sufficiency of the evidence to support a finding that he had such interest, but further evidence may be introduced.

It is claimed that the provision in section 27 of the act for an increase of fifty per cent in the award in case no insurance is carried is unconstitutional; that it violates section 20 of article 2, that excessive fines shall not be imposed; that being added to the award it is a double punishment, that it is to be paid to an employee and not to the state, and that it is "class legislation," because no such penalty is put upon the real employers. The additional award is not a fine or punishment or a penalty. The statute is not penal in its nature. The award is compensation, a duty or liability attached by law to the contract of employment and the additional compensation is an additional liability, attached by law to the uninsured liability, not by way of punishment, but simply that the compensation in one kind of contract is $2, and in another kind $3 for the same injury. The purpose is probably to induce insurance and thus provide security. As to the objection of class legislation the section seems to

us to apply to all sorts of employers alike and so of sections 49 and 50.

The argument also seems to claim that section 49 is unconstitutional because it furnishes a definition of employer different from that in section 8. That does not violate the Constitution. It is our duty to construe them together if we can, and we can. Section 49 merely adds to the definition in section 8.

Some of these questions have been already determined against plaintiff in error. *Industrial Com. v. Hammond,* 77 Colo. 414, 236 Pac. 1006.

Judgment reversed and cause remanded for further proceedings in accordance herewith.

MR. JUSTICE SHEAFOR not participating.