No. 13,236.

LONDON GUARANTEE AND ACCIDENT COMPANY, LTD. ET AL. *v.* SAUER AND INDUSTRIAL COMMISSION.

(22 P. [2d] 624)

Decided May 15, 1933.

Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

IN 1917 an accident befell the defendant in error Sauer, an employee insured under the Workmen's Compensation Act. The employer's insurer paid compensa-

tion during the 20 weeks of temporary disability under an agreement approved by the Industrial Commission. In 1932 Sauer asked the commission for a hearing on permanent disability which he claimed resulted from the same accident. His possible right to compensation for permanent disability had been overlooked by everybody, including Sauer, who says he was unaware of such a right and had no one to advise him. He apparently discovered his oversight shortly before the 1932 hearing. After notice to all interested parties there was a hearing before the referee, who, after taking evidence in the presence of Sauer and the attorney for employer and insurer, made findings and an award of compensation for permanent disability. That award was approved by the commission. Employer and insurer then filed a petition for review of the award with the commission. After denial of this petition, they brought an action in the district court to set the award aside. That court also affirmed the award, and the case is now here for our summary review.

` The petition for review reveals of course the grounds of objection to be considered. The contentions therein of the employer company and its insurer are in brief as follows: (1) The claim is barred by the general statute of limitations; (2) it is barred by laches; (3) there is no evidence that the permanent disability resulted from the original accident; (4) the permanent disability is conclusively presumed not to be due to that accident; (5) the findings of fact are not sufficient to support the award; (6) the award is contrary to the law and the evidence, and in making and entering it the commission acted in excess of its powers. This last contention is explained and amplified in the assignments of error herein by saying "that the Industrial Commission acted without power and in excess of its powers in making and entering its awards allowing compensation * * * for permanent disability, in that:" whereupon follow the specifications above condensed under numbers (1), (2), (3) and (4), together with a specification that the claim

was barred by "the provisions of the Workmen's Compensation Law of Colorado," but this point is not covered by the petition for review. Another assignment of error corresponds to the contention numbered (5) above. Before discussing these contentions, we call attention to a question of practice.

■■ To bring an action in court for setting aside an order or award of the commission, one must first file a petition for review with that body. Such petition, under 1932 C. L. Supplement 403, section 4471 (S. L. '31, p. 823), "shall * * * specify in detail the particular errors and objections." It is manifestly intended to apprise the commission in plain language, not necessarily technical, of the special points relied upon. It serves before the commission the same purpose that a motion for a new trial does in a court, calling attention to concrete matters so that any errors indicated may be corrected. Statements of mere legal conclusions are insufficient. The petition for review thus defines the limits of inquiry for the district court and for this court as well, subject to the elimination of such issues as may have been abandoned by omitting them either in a district court complaint or in the subsequent assignments of error here. On the other hand, the mention—in such complaint or in such assignments—of any errors or objections not specified in the petition for review does not entitle them to be considered by the courts. Accordingly, the contention, noted above, that the claim here is barred by the provisions of the Workmen's Compensation Act is not before us. That leaves for our determination the six above numbered contentions, all other objections having thus been waived.

■■ None of these six contentions can be sustained. Under the view we take, most of them are disposed of by the reasoning applied in *Industrial Com. v. Weaver*, 81 Colo. 191, 254 Pac. 444. No valid distinction in principle can be drawn between the recurring disability there and the permanent disability here. It was contended there

by counsel for the employer, and was frankly conceded by counsel for the employee, that the doctrine of waiver had not operated against the employer. Obviously the court neither intended to, nor did, base its decision upon a waiver. And while no statute of limitations was there involved, the reasoning impels us to the conclusion that in any case the earliest disability for which compensation is either awarded or paid will arrest the running of any statute of limitations. In no sense does the later disability create a new right or cause of action. It is simply an element, or rather a manifestation, of the injury inflicted by the original accident. The actuality of that injury is established, once for all, in connection with the first disability proved or admitted. Consequently possible fraud, and the other evils against which statutes of limitation are aimed, are thereby avoided. Under the evidence contained in the record of the commission, there is no doubt that the permanent disability began well within the five years next after the accident. Hence the presumption statute intended to be referred to in contention (4) above (found with slight verbal changes in 1932 C. L. Supplement 401, section 4459, S. L. '23, p. 745, c. 201, §16), which was the only statutory provision directly passed upon in the Weaver case, need not be considered. It is a provision that applies to the beginning of a disability, not to its discovery, and in our opinion, moreover, applies to the original disability, which if affirmatively shown to have begun more than five years after the accident occurred, is conclusively presumed not to have resulted from it. In other words, the proved accident, as cause, must have been followed by a proved disability, as result, within the five-year period. The causal connection being once established, however, a disability directly resulting from the injury caused by the accident may be shown, whether it is actually disclosed early or late. If a special limitation is to be applied in this connection, it is for the legislature and not for the courts to apply it. The Workmen's Compensation Act of Colo-

rado is so evidently intended to be complete and comprehensive in itself, in unfettered furtherance of its beneficent purposes, that we do not feel at liberty to curtail its operation except by clear authority of the act itself, either express or necessarily implied.

Under contention (1) above, we have had our attention called to clauses "Fourth" and "Seven" of section 6392, C. L. '21, and to section 6397 thereof, as the general statutes of limitation invoked by the plaintiffs in error. For the reasons above stated we hold that the claim herein is not barred by any of those provisions. As for contention (2), we think that the record fails to disclose any laches or unreasonable delay in the assertion of the claim. In reference to contention (3), we consider the evidence ample to justify the finding as to permanent disability, and what has been said disposes of contention (4) that the permanent disability is conclusively presumed not to be due to the accident. And, finally, in the light of the evidence, contention (5)—that the findings of fact are not sufficient to support the award—is overruled. The views we express automatically dispose of contention (6).

It is said that the original claim was not properly proved. Payment of the agreed compensation, with the approval of the commission, has cured any mere irregularities, if there were any, and dispensed with any formalities that otherwise might have been necessary. Voluntary payment under such conditions is equivalent to an absolute award.

It was for the commission to determine in its sound discretion whether under the evidence before it the permanent disability here had a causal connection with the original accident. The determination of that issue is conclusive on this review, as it was at the trial in the district court.

It is not now necessary to decide whether our general statutes of limitation should ever be applied to accidents arising under the Workmen's Compensation Act. Suf-

fice it to say that this question does not come up under the evidence in this case.

The judgment is affirmed and the award of the commission is approved, the defendants in error to recover their costs herein.

MR. JUSTICE HILLIARD not participating.