## No. 13,418.

### McKune *v.* Industrial Commission et al.
(31 P. [2d] 322)

Decided March 19, 1934.

Mr. C. E. Wampler, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, Mr. Harold Clark Thompson, Messrs. Lee, Shaw & McCreery, Messrs. Farrar & Martin, for defendants in error.

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensation Act.

Paul W. Lee, Jesse R. Wilson, Samuel F. Webster, Fannie A. Dowdell and Helen E. Greenamyre were the owners of certain coal mining property. They leased it to William T. Knox, who thereupon engaged in mining operations on the premises. Carl H. McKune, one of his employees, was injured in an accident arising out of and in the course of his employment.

The owners had no insurance, and the commission found that Knox had no insurance at the time of the accident. McKune was awarded, as against the owners and Knox, $5 per week plus 50 per cent thereof on account of noninsurance, making the award $7.50. Later the commission found that McKune had violated a reasonable safety rule, and thereupon reduced the compensation by 50 per cent, making the award $3.75. The commission dismissed the proceeding against the State Compensation Fund. Upon review, the district court affirmed the order awarding, as against Knox, $3.75 per week compensation and also the order dismissing the proceeding as against the Fund, but vacated the order that the owners pay compensation.

McKune claims that his compensation should be $5 per week, and that the district court erred in vacating the award as against the owners. The owners claim that the district court erred in affirming the commission's order dismissing the proceeding as against the Fund.

1. Did the commission correctly compute the amount of the award?

Section 4401 of the Compiled Laws, as amended in 1931 (C. L. 1932 Supp., §4401), provides for a 50 per cent increase of compensation where the owner does not carry insurance; and section 4457 provides that the compensation shall be reduced 50 per cent where the injury results

from the employee's wilful failure to obey a reasonable safety rule. Counsel for McKune contends that 50 per cent of $5 (i. e. $2.50) should be added thereto, making $7.50, and that there should be deducted therefrom 50 per cent of $5 (i.e. $2.50) leaving $5 per week as the amount of compensation to which McKune is entitled. We do not agree with that contention. It was the purpose of the act to deduct, for violation of a reasonable safety rule, 50 per cent of the compensation to which an employee would have been entitled had he not violated a reasonable safety rule. In the present case, if McKune had not violated the safety rule, he would have been entitled to $5 plus $2.50, or $7.50 per week. Deducting 50 per cent of $7.50 (i.e., $3.75), leaves $3.75, the amount awarded by the commission. The district court did not err in approving the commission's computation.

██ 2. Did the district court err in vacating the award as against the owners?

Section 4423 of the Compiled Laws provides in part as follows: "Any person, company or corporation operating or engaged in or conducting any business by leasing * * * shall * * * be construed to be and be an employer * * * and shall be liable * * * to pay compensation for injury or death * * * to said lessees * * * and their employes * * *."

The lease under which Knox was operating at the time of the accident was given by the owners, and runs from July 8, 1931, to December 31, 1936. Sections 9 and 10 of the lease provide as follows:

"Section 9. Lessee agrees to work the vein of coal that is now developed to the full extent of which it is capable or that the trade will justify, to remove all slack from the workings as fast as it accumulates, to properly timber the main entry, to remove the debris in the main entry and to keep the same free and unincumbered. Further that he will make all improvemments and operate said mine at his own expense, with a view to

safety, and in accordance with the laws of the State of Colorado. And to the end that the lessors shall be fully protected as herein agreed, the lessee covenants and agrees that he will at all times keep any and all employees engaged to work in said premises adequately insured by compensation insurance pursuant to the provisions of the Workmen's Compensation Laws of the State of Colorado.

"Section 10. Lessee agrees that he will work said premises continuously and diligently to the end that the largest amount of coal that may be produced safely and practicably shall be mined therefrom; also that in case of default hereunder by lessee lessors shall have a lien for all lessor's claims hereunder on any and all machinery and appliances owned by lessee in use on said premises at the time of such default for the amount due lessors from lessee."

Other sections require the lessee to open, use and work the mines that are now or may hereafter be opened upon the said land in a skilled and workmanlike manner and in accordance with good mining "so as to save the largest amount of coal safely practicable"; to keep records, measurements, surveys, maps and plats and send monthly statements to the lessors and afford them access to books and mines; to pay to the lessors royalties graded according to the quantities of coal mined; and to timber whenever and as required by good mining. The lease also contains other directions and regulations for the prosecution of the work.

The commission found that the owners as well as Knox were employers within the meaning of the Workmen's Compensation Act; and in the circumstances we cannot say that in so finding the commission was wrong. In this respect, the case comes within the decision in *Index Mines Corporation v. Industrial Commission*, 82 Colo. 272, 259 Pac. 1036. And see *Industrial Commission v. Hammond*, 77 Colo. 414, 236 Pac. 1006. That the owners appreciated the situation they were in is indicated by

the covenant that they inserted in the lease that Knox shall obtain insurance "to the end that the lessors shall be fully protected."

We think that the district court erred in vacating the award as against the owners.

■ 3. Did the district court err in affirming the commission's order dismissing the proceeding as against the Fund?

The owners carried no insurance. The lease required Knox to carry insurance. The owners contend, and the Fund denies, that Knox was covered by Fund insurance at the time of the accident.

The accident was on September 15, 1931. The Fund issued to Knox a policy which the commission found was effective September 17. The owners claim that an application for insurance was made by Mrs. Knox in behalf of her husband on September 14; that it was approved by the officers of the Fund; that the practice of the office was to issue a policy effective one minute past midnight of the day an application is filed, unless some question arises at the time of the application that necessitates further investigation; and that Mrs. Knox was assured that a policy would issue. There was evidence tending to sustain the contention that the policy was, or should have been, made effective one minute past midnight of the 14th; but there also was evidence tending to show the contrary. The commission had the opportunity of observing the witnesses as they testified; and upon consideration of their testimony, found that the insurance was not, and was not intended to be, effective until two days after the accident, and therefore dismissed the proceedings as against the Fund. That finding and order were affirmed by the district court; and after an examination of the record, we cannot say that the finding and order were not supported by the evidence.

At the time of the accident Knox had been operating the property two months without insurance. The owners could have terminated the lease for his breach of

covenant to insure, or could have obtained insurance themselves at his expense. They did neither; nor did they obtain from the commission a self-insurance permit. The situation in which the owners find themselves is due to their own neglect. Their remedy, if any, is on Knox's covenant to insure for their protection. McKune cannot be made to suffer by reason of their failure to comply with the law (C. L. §4395) requiring them to obtain insurance or to procure a self-insurance permit.

For the error of the district court in vacating the commission's award as against the owners, the judgment is reversed, and the cause is remanded, with instructions to affirm the award of the commission in its entirety.