## No. 13,712.

INDEPENDENCE COFFEE AND SPICE COMPANY ET AL. *v.*
TAYLOR ET AL.
(48 P. [2d] 798)

Decided August 5, 1935.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H.
LAWS, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S.
GINSBERG, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case arises under the Workmen's Compensation Act. An award of compensation having been made by the Industrial Commission, the employer company and its insurer brought an action in the district court to set aside the award, and, that court having affirmed the award, they bring the judgment here for review.

The industrial accident upon which the claim was based occurred on March 17, 1924. The employee, W. M. Taylor, sustained a compensable injury, and the employer, the Independence Coffee and Spice Company, acknowledged its liability. Negotiations were had, and in addition to medical expenses a certain sum was agreed upon by, and settlement made between, the employee and the insurer, a receipt being given to the latter by the former (we quote verbatim) "in full settlement of compensation," the commission having duly approved the compromise without any formal hearing being had or findings made.

More than ten years after the accident, the claimant asked the commission to reopen the case. A hearing was accordingly had, the notice thereof containing the following statement: "The purpose * * * is to determine whether or not claimant's present condition is the result of his accident; termination of temporary disability and degree of permanent disability."

 It is apparent that the hearing of 1934 was purportedly held under the commission's power to reopen a case of its own motion; it was therefore held, not in the course of the usual proceedings—when the controversy is still under the control of the parties—but ostensibly by virtue of section 110 of the act (C. L. 1921, §4484). This is the only provision for such a long-delayed reopening. By its terms it cannot be applied except where there has been "error, mistake or a change in conditions." Evidence indicating any such error, mistake, or change in conditions within the meaning of section 110 is wholly lacking.

For one thing, the record shows that the temporary

disability ceased before the employee had given the above mentioned receipt to the insurer. Moreover, the physician who in 1924 attended the claimant at the latter's instance did not then find any basis for permanent disability. The claimant himself testifies that he did not at the time know of any permanent disability, but his testimony proves that if permanent disability resulted it was known to him at or about the time of the compensation settlement, certainly before the medical services for which the insurer expressly assumed liability had been fully rendered by the claimant's physician, who permanently removed from Colorado as early as 1925.

It is significant that not the slightest suggestion of fraud is made in connection with the aforesaid receipt "in full."

What rights, then, legal or equitable, could the claimant here invoke?

The agreement of settlement was voluntarily reached and executed without proceeding to a hearing at which the evidence could have been taken with the customary facilities and safeguards for eliciting the then existing facts. More than a decade elapsed before an alleged permanent disability was brought to the attention of the Industrial Commission, though (as already stated) it is conceded by the claimant that if the permanent disability now asserted exists it was discovered almost immediately after the accident. Liberal as the Workmen's Compensation Act is, it was not intended thereby to permit a relitigation between an employer who has apparently in good faith been lulled into a settlement, on the one hand, and, on the other, an employee who, without assailing the employer's good faith in making such settlement, has kept silent concerning a condition that could have been investigated with the usual testimonial tests when the evidence was still fresh and available to all. Fairness to both sides requires that, under the facts and circumstances above stated, the original disposition of the claim by amicable settlement be not disturbed. The case of

*London Co. v. Sauer,* 92 Colo. 565, 22 P. (2d) 624, cited by the claimant can be distinguished because of the extraordinary situation there presented, a serious oversight having been committed, due to an affirmative error of the claimant, obviously shared by everyone there concerned. The case clearly fell within the category of "error, mistake or change in conditions" justifying the reopening of the case. We neither need nor desire to change the views therein expressed. It is sufficient to say that in the case at bar we cannot permit an obviously bona fide settlement to be overthrown by the mere expert opinions arrived at largely by deductions from such a case history as can at this late day be recounted by the claimant to physicians who, after ten years or more have passed since the accident, have only recently examined him for the first time.

A bona fide settlement is the equivalent of an award or judgment reached upon evidence. In the absence of proof that fraud was practiced or that a fundamental mistake occurred without the fault of the claimant, it is presumed that the facts upon which a compensation settlement is based were fully presented to each other by the contracting parties.

From the foregoing it seems clear that, in the circumstances here appearing, the settlement must be recognized as final between the parties; and furthermore that the indispensable requirement for reopening a case under section 110, on account of "error, mistake or a change in conditions," has not been met.

The judgment must therefore be reversed and the case remanded to the district court with directions to return the record to the Industrial Commission and to instruct that body to set aside the award and dismiss the case.

In the light of our decision, it is not necessary to consider the contention of counsel for the plaintiffs in error that the claim herein is barred by one or more statutes of limitations.

Judgment reversed with directions.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.