No. 14,339.

EMPLOYERS MUTUAL INSURANCE COMPANY *v.* JACOE ET AL.
(81 P. [2d] 389)

Decided June 27, 1938.

Mr. Frank C. West, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Action under the Workmen's Compensation Act. Judgment below affirmed award of compensation to claimant by the Industrial Commission for permanent partial disability of ten per cent, and it is to review that judgment that the matter is before us.

Claimant was injured November 1, 1918, while working in a mine, when some rock fell against his right leg (original claim recited left leg, but doctor's testimony indicates it was the right one—immaterial in any event), and broke both bones just above the ankle. A hearing was had on his claim January 7, 1919, and he was awarded $88 for temporary total disability. He received this award by check from the company, which he endorsed under the usual "payment in full" clause, and the correspondence of the insurance carrier (plaintiff in error here) with the commission indicates this, although the formal receipt which claimant was said to have signed was destroyed by fire in the office of insurance carrier several years ago. Claimant says he never signed any separate receipt.

From 1919 to 1937, claimant, who was not represented by counsel at the first hearing, did nothing further about the injury, except, as he says, "I did call at the office of the insurance company at the time, several times, and stated that I was unable to go to work. I did, but there was nothing done." This statement is not denied by the insurance carrier.

██ ██ The Industrial Commission, upon its own motion, reopened the case under authority conferred by section 110 of the Compensation Act ('35 C. S. A., vol. 3,

c. 97, §389), which reads as follows: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, subject to the maximum and minimum provided in this article and shall state its conclusions of facts and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid."

We have held that the defense of laches is not available where the award is made under this provision. *Industrial Commission v. Carpenter,* 102 Colo. 22, 76 P. (2d) 418. And that "payment in full" does not bar a review (*Employers Mutual Ins. Co. v. Industrial Commission,* 83 Colo. 315, 265 Pac. 99); but we also have held that an amicable, bona fide settlement, approved by the commission, is binding. *Independence Coffee & S. Co. v. Taylor,* 97 Colo. 242, 48 P. (2d) 798.

Counsel for the insurance carrier contends that the finding of temporary disability only, and awarding compensation therefor by the commission in 1919, "must be deemed" to be a finding of no permanent disability (*Flick v. Industrial Commission,* 78 Colo. 117, 239 Pac. 1022), and, hence, there is no "error, mistake or a change in conditions" that constitute a ground for reopening the case. Assuming that to be the rule of that case, it is justly tempered with an exception that the commission may, in its sound discretion (determining as a fact that there was error, mistake, or changed conditions), reopen a case whenever there has been a natural development of an industrial injury, uninfluenced by an independent, intervening cause. *Post Printing & Pub. Co. v. Erickson,* 94 Colo. 382, 30 P. (2d) 327.

The natural development of the injury here, as disclosed by the record, is the swelling of the ankle caused by the incomplete mending of the break of one of the

bones, which, with its attendant weakness, causes exhaustion in an unreasonably short time. It is not contended that there was any independent, intervening cause that resulted in claimant's present condition, other than the lapse of time.

Claimant's reason for the long delay was, that he was unaware of his right to have a further hearing. While ignorance is no excuse, in fairness to him, it should be said that he was not represented by counsel at the first hearing. The charge of concealment against him, we feel, is not well founded. We prefer to believe that all parties acted honestly in the matter.

There is little dispute in the medical testimony as to the condition of the leg in 1937, when the case was reopened, and we feel there is clearly sufficient competent testimony to support the commission's award. There was a chronic enlargement, and the fractured internal malleolus had not completely united, which conditions, even though potentially existing at the time of the orginal hearing, were not considered by the commission in connection with any attempt to fix permanent partial disability. Whether we call it a mistake on the part of the commission or a change in conditions is immaterial, since either would justify the commission's action in reopening the case. In any event, we have held that where the commission on its own motion has entered a supplemental award, it must be assumed, on review, that it believed it had made a mistake, and an award without a specific finding to that effect has been sustained. *Clayton Coal Co. v. Zak,* 94 Colo. 171, 29 P. (2d) 374; *Century Indemnity Co. v. Klipfel,* 99 Colo. 213, 61 P. (2d) 842.

We are of the opinion that the facts and circumstances in the case at bar are sufficiently similar to those in *London G. & A. Co. v. Sauer,* 92 Colo. 565, 22 P. (2d) 624, to make that case controlling here.

The case of *Independence Coffee & S. Co. v. Taylor, supra,* is distinguishable, because there the temporary total disability had terminated at the time claimant

signed the receipt, and the claim of his having sustained any permanent disability was very questionable, both of which elements are lacking in the present case.

■ Finally, we feel that whatever doubts may exist concerning the disposition of this case, should, in view of the circumstances, be resolved in favor of the judgment below.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND dissent.

Mr. Chief Justice Burke thinks the judgment should be reversed on ground of laches.

MR. JUSTICE BOUCK, dissenting.

I respectfully dissent.

The district court judgment sought to be reversed herein is one that sustains a certain supplemental award of the Industrial Commission which purports to grant additional compensation under the Workmen's Compensation Act.

Jacoe, an employee of the Matchless Fuel Company, suffered a compensable injury on November 1, 1918, at Louisville, Colorado, his right ankle being broken by a fall of rock. He was disabled until February 1, 1919. On March 5, 1919, the commission, after a full hearing, awarded him compensation for that period at $8.00 a week. The amount was duly paid and in exhibit 1 Jacoe acknowledged final payment to be "in full settlement of liability for compensation under the Colorado Workmen's Compensation, for all injuries received * * * the 1st day of November, 1918, * * * subject to approval and review by the Industrial Commission of Colorado." The commission duly approved this receipt and release on July 21, 1919 (fol. 156).

The hearing preceding the award had been held in the usual manner, the witnesses produced being duly exam-

ined. On that evidence the commission made its adjudication. There is no suggestion of fraud, mistake or other irregularity in the record. The commission must make its adjudication, as any lawful tribunal must make its adjudication, on the evidence actually before it, whether or not any particular party has succeeded in procuring and introducing all available evidence in his favor. There is no provision in the Workmen's Compensation Act for reopening a case merely because further evidence might have been adduced, either to make a case or to corroborate other evidence already presented or to refute the evidence of the adversary, or because a different conclusion might have been reached by a witness, expert or otherwise, or even by the commission itself. As for errors or mistakes chargeable, not to the commission but to the parties themselves, it is incumbent on the parties to correct their own errors or mistakes, whether affirmative ones or in the way of omissions, before the award of the commission becomes final and prior to expiration of the time for filing a petition for review. Such errors or mistakes do not justify the reopening of a case by the commission under section 110 of the act, '35 C. S. A., c. 97, §389.

On October 26, 1937, the commission received from the claimant an ''application for hearing'' on the blank intended for use whenever the original negotiations for compensation have reached a deadlock. Therein the ''nature of controversy or dispute'' was specified by the claimant as ''end of temporary disability and degree of permanent.'' Of course no provision is found in the Workmen's Compensation Act for such a communication from a claimant after an award has been allowed to become conclusive by failure to ask for a review at the hands of the commission; the claimant has no right to reopen a case in such circumstances. Here the attempt was made by the claimant so to reopen after the lapse of more than eighteen years.

The commission, on arrival of the claimant's afore-

said communication, reopened the case by ordering another hearing to be held on November 10, 1937, "to determine whether there has been error, mistake or change in condition."

The power of the commission to reopen a case, as already indicated, is governed exclusively by section 110 of the act. Thereunder the power can be lawfully exercised if there has been an "error" or "mistake" of the commission itself or a "change in conditions" of the claimant. None of these contingencies appears to have happened in the case at bar. There is no finding by the commission that one of these situations existed, nor does the evidence reasonably show it. Under the evidence originally introduced, the commission could not have made a greater allowance of compensation than it did. It committed no error or mistake in this regard, and the award was not questioned at the time; in fact the award was, as already shown, acquiesced in and agreed to by a formal document which is not refuted, and which the commission expressly found to have been executed by the claimant. Such being the facts, the duly executed release must govern, because its binding effect is not impugned on any known ground for cancellation.

As for a change in the claimant's condition, the evidence reveals nothing of the sort. It is indeed manifest, under the evidence taken at the second hearing, that no change had taken place.

The claimant himself testified at the second hearing that his ankle is swollen and has been "in that same condition" ever since he got hurt (fol. 109); that it has been "about the same" in the past few years; that he has "always been complaining about having a little pain in there" and "it don't seem to be getting any improvement" since he got hurt; that he thinks it is about the same as it was when he went back to work; that he has worked in the mines at various times since he went back to work, and has earned the regular wages (fol. 122, 123,

124, 125, 127, 128). It is obvious that the industrial efficiency of the claimant has not been lessened.

Dr. Cassidy, who did not examine the claimant until about nineteen years after the accident (fol. 132), testified at the second hearing that he treated the claimant "for minor things, nothing serious" (fol. 134); that the claimant, during the three or four years the witness had known him, "never complained * * * about the condition of his foot;" that witness had not "noticed anything in [claimant's] getting around to indicate a disability;" that claimant apparently "walks around about as good as [witness or cross-examining attorney];" that witness "looked at the ankle and saw there was swelling on the inside of the ankle above the internal malleolus" (fol. 135), which swelling was not apparently an acute condition, but just a chronic enlargement; that claimant apparently has good function of the ankle (fol. 137); that he has not full extension of his foot (fol. 138); that the interial malleolus had not been completely united, according to the X-ray (fol. 138); that all witness found under clinical examination was a lack of extension and swelling of the ankle (fol. 140-1); that the extension and flexion of the foot constitute only one of its functions, and it is still a support for him and is a serviceable foot, a very serviceable foot (fol. 142); that witness has had only the general practitioner's standpoint in studying the basis of determining estimates of disability of the different members, and does not often have occasion to do it, his practice being mostly trying to cure the effect, as he does not hold himself out as an expert; that he estimates the time necessary for recovery of fractures of the malleolus as six months to a year, this being his opinion; that there is not any treatment indicated in the present case.

Dr. Packard, who examined the claimant by request of the commission, reported (fol. 101, 102) that he found claimant to be a fairly healthy-appearing, well-developed man who presents some valgus of the right foot on standing; that in the sitting position the ankle shows some

enlargement, three-eighths inch increase in diameter, the same in circumference, but that there is no gross deformity except for some enlargement of the internal malleolus of the tibia; that palpation reveals no abnormal motion over the internal malleolus; that there is evidence of an old healed fracture of the fibula three inches above the joint; that there is restriction of full inversion of the foot; that X-rays taken at the Denver General Hospital in July, 1937, show slight eversion of the ankle, an old healed fracture of the fibula, and an ununited fracture of the malleolus of the tibia.

It is reasonably inferable from the above statements of the two physicians that the claimant was correct in representing his present condition to be substantially the same as his condition immediately after the injury and at the time of the first hearing. There was nothing in the 1937 situation that was not, or could not have been, told about in 1919. Our Workmen's Compensation Act does not permit the Industrial Commission to reopen a case of its own volition for the purpose of bolstering up the case as originally presented in order that evidence which was available in the first instance might be supplied at a later hearing with a view to obtaining an increase in compensation. Such a procedure would be destructive of the fundamental safeguards and permanence of surrounding judicial, quasi-judicial or administrative determinations arrived at in the absence of fraud or other recognized grounds for setting such a decision aside.

The claimant, who was entitled to use the services of the company physician, employed a physician of his own choosing instead. This physician testified at neither the first nor the second hearing, though he resided and had his office in Denver, where the hearings were held, and it must be assumed that this failure was an omission which possibly constituted an error or mistake of the claimant himself, but not of the commission.

The case at bar is seen to be essentially different from *London Co. v. Sauer*, 92 Colo. 565, 22 P. (2d) 624. In the

latter the claimant, the members of the commission and the other persons connected with the proceedings labored under a common error, as will be seen from the following language in the opinion there handed down: ''His possible right to compensation for permanent disability had been overlooked by everybody, including Sauer, who says he was unaware of such a right and had no one to advise him. He apparently discovered his oversight shortly before the 1932 hearing.''

The case at bar bears a striking resemblance to *Independence Co. v. Taylor,* 97 Colo. 242, 48 P. (2d) 798, where under the facts the claimant was denied the right to additional compensation, and where we cited and distinguished the Sauer case, supra.

The judgment should be reversed and the case remanded to the commission with directions to vacate the supplemental award.

Mr. Justice Holland concurs in this opinion.