**Roy EACHUS, and/or Eachus Logging, Petitioner,**

v.

**Charles COOPER, the Industrial Commission of the State of Colorado, and Director of the Colorado Division of Labor, Respondents.**

**No. 86CA0071.**

Colorado Court of Appeals, Div. I.

Dec. 31, 1986.

Rehearing Denied March 5, 1987.

Certiorari Denied (Eachus) May 26, 1987.

Elder, Phillips, Daniel, Phillips & Boughton, W. Bruce Phillips, Grand Junction, for petitioner.

Eley & Eley, Cynthia M. Eley, Denver, for respondent Charles Cooper.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director of the Colo. Div. of Labor.

Before TURSI, CRISWELL and PIERCE, JJ.

PIERCE, Judge.

Roy Eachus (employer) seeks review of a final order of the Industrial Commission assessing a penalty against him for failing to admit or deny liability in a timely manner for claimant Charles Cooper's injuries, and also determining that the penalty should be calculated on a compensation rate as augmented by fifty percent because of employer's failure to carry workmen's compensation insurance. We affirm.

Claimant sustained two injuries which arose out of and in the course of his employment. The first injury occurred in June 1981 and the second in July 1981.

Employer was notified of both injuries, but did not file a report admitting or denying liability until July 1984 because he believed that claimant was an independent contractor and not an employee eligible for workmen's compensation, and further because no claim was filed by the claimant until July 11, 1984.

After a hearing, claimant was found to be an employee and was awarded monthly temporary total disability benefits of $136.10 for the first injury and $408.30 for the second injury. Both awards included a fifty percent increase in the normal compensation rate because employer did not carry workmen's compensation insurance pursuant to § 8–44–107(1), C.R.S. (1986 Repl.Vol. 3B). Employer was also ordered to pay $15,079.88 with respect to the first injury as a penalty for filing his denial of liability 1,108 days late. With respect to the second injury, employer was ordered to pay $14,589.92 as a penalty for filing his denial of liability 1,072 days late.

## I.

■ On review no issue was raised as to whether the claimant was an employee. Employer first contends that § 8–53–102(2), C.R.S. (1986 Repl.Vol. 3B) is unconstitutionally vague. Although this court has jurisdiction to review Industrial Commission cases in which the constitutionality of a statute is in issue, *see Meyer v. Industrial Commission,* 644 P.2d 46 (Colo.App.1981), here we do not reach the merits of employer's contention because we conclude employer lacks standing to raise this particular challenge.

Section 8–53–102(1), C.R.S. (1986 Repl. Vol. 3B) requires an employer or, if insured, its insurer to file an admission or denial of liability within 25 days after notice or knowledge that an employee has suffered an injury which disables him for three or more shifts or calendar days. If the employer or insurer fails to file a timely admission or denial, § 8–53–102(2) provides:

"[T]he employer or ... insurance carrier ... shall become liable to the claimant, if successful in his claim for compensation, *for one day's compensation* for each day's failure to so notify...." (emphasis added)

Employer contends that § 8–53–102(2) is unconstitutionally vague because if a claimant applies for multiple forms of compensation, *i.e.,* temporary partial, temporary total, permanent partial, and medical benefits, the statute does not specify which compensation should be the measure of the penalty. Hence, employer argues that the Claims Office is left with the discretion to select arbitrarily the compensation paid at the highest daily rate, and calculate the penalty accordingly.

However, a party does not have standing to challenge the constitutionality of a statute unless he is directly affected by the alleged constitutional defect. *People v. Kibel,* 701 P.2d 37 (Colo.1985). Here, even were we to agree that § 8–53–102(2) unconstitutionally vested the Commission (now Industrial Claims Appeals Office) with arbitrary power, employer has not been adversely affected. Claimant was awarded only temporary total disability benefits, and the penalty was calculated upon the daily temporary total disability rate. Thus, employer could not have been subjected to an arbitrary application of the statute.

## II.

■ Employer next contends that § 8–53–102 is unconstitutional as applied because he was not provided with notice that claimant considered himself to be an employee under the Workmen's Compensation Act (Act) so as to be entitled to benefits. Employer argues that fairness requires that the penalty should be applicable only after the claim for benefits was filed. We disagree.

It is the Act itself, and not claimant, which determines whether claimant is an employee and entitled to benefits. We have held that the Act gives sufficient notice as to which workers are considered employees. *See Melnick v. Industrial Commission,* 656 P.2d 1318 (Colo.App. 1982). Even if claimant did originally consider himself an independent contractor, he was mistaken, and employer was not enti-

tled to rely on that mistake. Rather, employer was obligated to comply with the statutory requirements, and it was his failure to do so, and not claimant's delay, which occasioned the penalty.

■ Employer nonetheless asserts that the Act denies employers equal protection of the law because the time for filing a claim does not begin to run until a worker reasonably should have recognized the probable compensable nature of his injury. *See* § 8–52–105(2), C.R.S. (1986 Repl.Vol. 3B); *Intermountain Rubber Industries, Inc. v. Valdez,* 688 P.2d 1133 (Colo.App. 1984). This is unconstitutional, he argues, because an employer is required to admit or deny liability for an injury before he is aware of the possible compensable nature of an injury. We do not agree.

In order to meet an equal protection challenge against the workmen's compensation scheme where, as here, no suspect classification is involved, the state need only show that the challenged provision is rationally related to a legitimate state purpose. *Bellendir v. Kezer,* 648 P.2d 645 (Colo.1982). As such, the statute must be reasonable, and not arbitrary or capricious. *Bellendir v. Kezer, supra.*

The notification requirement of § 8–53–102(1) effectuates a number of legitimate state goals: to protect the injured worker before the employer's duty to make payment is established; to alert an employee that he is involved in a situation with legal ramifications; and to provide the Director of the Division of Labor with information to assist him in fulfilling his statutorily mandated duties. *Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984); *Hanson v. Industrial Commission,* 716 P.2d 477 (Colo.App.1986). The notice requirement is rationally related to these goals and is not arbitrary or capricious. Thus, employer's equal protection challenge must fail.

### III.

■ Employer also contends that the imposition of the penalty unjustly rewards claimant for procrastinating in filing a claim and also encourages workers to "sandbag." Again, we disagree.

Courts have no discretion in imposing the penalty. *Smith v. Myron Stratton Home, supra.* However, § 8–53–102 provides employers with a direct opportunity to protect themselves and thereby prevent "sandbagging." *See Hanson v. Industrial Commission, supra.* By not complying with the statutory requirement, employer created the very situation which made the penalty applicable. *See also Kamp v. Disney,* 110 Colo. 518, 135 P.2d 1019 (1943).

### IV.

■ Employer next asserts that the evidence does not support the imposition of the penalty for the second injury. He contends that claimant returned to work within three days of the injury and argues that, therefore, he was not required to admit or deny liability pursuant to § 8–53–102(1). We do not agree.

The evidence was conflicting on this issue. Employer testified that claimant returned to work "in a day or two" and submitted a cancelled paycheck which arguably indicates that claimant was paid for the week following the injury. Conversely, claimant stated he returned to work "about a week later," but that upon his return, he was unable to perform his duties. Thereafter, claimant left work and did not return until a month after the injury.

It is the duty of the trier of fact to resolve the conflicts. *See Halliburton Services v. Miller,* 720 P.2d 571 (Colo.1986). The conclusion that claimant had been disabled for more than three shifts or days is supported by the evidence, and we are bound by that conclusion on review. *See Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985).

■ Employer also asserts that the penalty for the second injury was improper because claimant's request for permanent disability benefits was denied. Employer therefore reasons that the claim for benefits was unsuccessful. *See* § 8–53–102(2), C.R.S. (1986 Repl.Vol. 3B). We disagree.

A claimant is successful in his claim for compensation for purposes of § 8–53–102(2), when he establishes the employer's liability. *Smith v. Myron Stratton Home, supra.* Here, claimant established employer's liability for temporary total disability benefits. Thus, we perceive no error.

## V.

Employer's final contention is that the Commission erred in computing the penalty based on the increased compensation rate awarded claimant because of employer's failure to carry workmen's compensation insurance. *See* § 8–44–107(1), C.R.S. (1986 Repl.Vol. 3B). Employer contends the Commission's calculation is, in effect, a penalty upon a penalty. We disagree.

■ The fifty percent increase in benefits pursuant to § 8–44–107(1) is not penal in nature but rather is simply a provision for additional compensation. *See Flick v. Industrial Commission,* 78 Colo. 117, 239 P. 1022 (1925) (decided under prior statute). Further, in *McKune v. Industrial Commission,* 94 Colo. 523, 31 P.2d 322 (1934), our supreme court determined that a penalty assessed against a claimant for violation of a safety rule should be computed after the increased compensation rate for failure to carry insurance was taken into account. It appears therefrom, that the fifty percent increase becomes a component in calculating a claimant's compensation rate. Since § 8–53–102(2) provides that the penalty shall be for one day's compensation for each day of violation, we see no reason why the penalty here should not be computed in a manner consistent with that in *McKune. See also In re Death of Cline,* 43 Colo.App. 123, 599 P.2d 973 (1979).

The order is affirmed.