**K.R. SWERDFEGER and State Compensation Insurance Authority, Petitioners,**

v.

**Ray SWERDFEGER, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.**

**No. 89CA0528.**

Colorado Court of Appeals,
Div. II.

Feb. 8, 1990.

Ordered Published May 3, 1990.

Paul Tochtrop, Denver, for petitioners.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, for respondent Ray Swerdfeger.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge SMITH.

K.R. Swerdfeger and State Compensation Insurance Authority (petitioners) seek review of a final order of the Industrial Claim Appeals Office (Panel) which granted claimant's petition to reopen and awarded further disability benefits. We affirm.

Claimant was injured in the course and scope of his employment. His injuries included a crushed pelvis with related impotence, injuries to the right and left knees, and traumatic congenital arthritis of the sacroiliac joint. Claimant was treated for his injuries by Drs. Boucher, Deverell, and Williams.

Petitioners' uncontested Special Admission of Liability under date of November 17, 1980, indicates that payments of temporary total disability benefits were made from November 2, 1978, to November 7, 1980. This admission further indicates that payments were made to claimant for permanent partial disability based on 10% loss of use of left leg at the knee and 25% loss of use of left leg at the hip.

On October 9, 1980, Dr. Deverell reported to the State Compensation Insurance Authority that claimant had suffered a 25% permanent partial disability related to the pelvis. No determination was made in this regard. The last medical bill relating to the compensable injuries was paid to Dr. Boucher by the Authority on May 30, 1984.

Petitioners contend that the payment of a medical bill does not constitute "compensation" as that term is used in the reopening statute in existence at the time of claimant's injury. *See* Colo.Sess.Laws 1975, ch. 71, § 8–53–119 at 307. That statute provided, in essence, that the Director had the discretion to reopen any claim in which compensation had been paid, either within six years after the injury, or within two years after the last payment became due and payable, whichever period was longer. Therefore, they argue that claimant's petition to reopen was untimely since it was filed more than six years from the date of his injury. We disagree.

The terms "benefits," "compensation," and "award" are used interchangeably throughout the Workmen's Compensation Act. *Loffland Brothers Co. v. Industrial Claim Appeals Panel,* 770 P.2d 1221 (Colo. 1989). Therefore, no great significance should be placed on the distinction between "medical benefits" and "compensation." *American Express v. Industrial Commission,* 712 P.2d 1132 (Colo.App.1985). Thus, we agree with the Panel's conclusion that the payment of claimant's medical bill was the equivalent of the receipt of medical benefits, which in turn constituted receipt of compensation as contemplated by § 8–53–119.

The cases cited by petitioners do not lead to a contrary result. Here, unlike the situation in *Racon Construction Co. v. Industrial Claim Appeals Office,* 775 P.2d 61 (Colo.App.1989), claimant was awarded temporary and permanent partial disability benefits in addition to medical benefits. Also, *Royal Globe Insurance Co. v. Collins,* 723 P.2d 731 (Colo.1986) can be distinguished because the issue there is the ap-

portionment of liability as between two insurers in an occupational disease claim. To the extent that the analysis in *Padilla v. Industrial Commission*, 696 P.2d 273 (Colo.1985) conflicts with that in *Royal Globe Insurance Co.*, the *Padilla* view has been reaffirmed in *Loffland.*

Finally, our conclusion is buttressed by the 1988 amendments to § 8–53–113, under which provisions for reopening of medical benefits are now expressly and separately set forth. *See* §§ 8–53–113(2)(a) and 8–53–113(2)(b), C.R.S. (1989 Cum.Supp.).

Order affirmed.

MARQUEZ and DUBOFSKY, JJ., concur.