**WILD WEST RADIO, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Lisa Teresi, Respondents.**

**No. 93CE0007.**

Colorado Court of Appeals, Div. II.

July 28, 1994.

Rehearing Denied Aug. 25, 1994.

Certiorari Granted and Judgment Vacated Jan. 17, 1995.*

---

* Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *Allison v. Industrial Claim Appeals Office,* 884 P.2d 1113 (Colo.1994). EN BANC.

Paul Tochtrop, Denver, for petitioners.

No appearance for respondent Indus. Claim Appeals Office.

Breit, Best, Richman and Bosch, P.C., Patricia A. Pritchard, Denver, for respondent Lisa Teresi.

Opinion by Judge MARQUEZ.

On petition of Wild West Radio, Inc., and Colorado Compensation Insurance Authority (petitioners) in this workers' compensation case, we granted certiorari to determine whether medical benefits are subject to reduction when a claimant's award is reduced because of her intoxication at the time of the injury. We conclude that medical benefits are not included within "compensation" for purposes of § 8–42–112, C.R.S. (1993 Cum. Supp.) and, therefore, affirm the order of the Industrial Claim Appeals Office.

Lisa Teresi (claimant) was employed by Wild West Radio, Inc., to sell advertising. She used her personal automobile in traveling to solicit business from potential advertisers. While traveling to meet with a customer, she was injured in a one-car accident. Because she was intoxicated at the time of the accident, her compensation was reduced fifty percent under § 8–42–112(1), C.R.S. (1993 Cum.Supp.). However, the Administrative Law Judge (ALJ) did not apply the reduction to medical benefits. On review, the Panel affirmed the ALJ's order.

### I.

The petitioners contend that when a work injury is caused by a claimant's intoxication or willful violation of a safety rule, § 8–42–112(1) requires a reduction in medical benefits. We disagree.

Section 8–42–112(1) provides in pertinent part:

> The compensation provided for in articles 40 to 47 of this title shall be reduced fifty percent:

> . . . .

> (c) Where injury results from the intoxication of the employee.

### A.

First, we note that the statute refers only to reduction of compensation. However, that term is not defined.

Relying on *Swerdfeger v. Swerdfeger,* 793 P.2d 618 (Colo.App.1990), the petitioners argue that the Workers' Compensation Act has used the words "compensation," "benefits," and "award" interchangeably and that no great distinction should be made among them. Therefore, they assert, the word "compensation" in § 8–42–112 should include medical benefits for the employee whose intoxication caused the injuries. We reject this argument.

As is clear from the context of the *Swerdfeger* holding the discussion there was limited to interpretation of the statute controlling the reopening of a claim, and whether compensation had been received within a time period to allow such reopening and award of further benefits. Hence, the holding in that case is limited to the context of the reopening statute.

### B.

Next, the petitioners argue that, if intoxication is a partial defense, it should be applied to all benefits awarded under the Workers' Compensation Act. Because we do not construe § 8–42–112 as a defense for employers but rather as a penalty for misconduct of employees, we reject this argument.

The crux of the Workers' Compensation Act is to eliminate questions of tort liability by the mutual renunciation of common law rights and defenses. Section 8–40–102,

C.R.S. (1993 Cum.Supp.). However, to deter misconduct of both employers and employees, penalties have been imposed as part of the statutory scheme. Section 8–42–112 is one such penalty provision.

As Professor Larson states on the issue of safety rule violations and intoxication and penalties:

> The entire subject of employer and employee misconduct would be improved and simplified if the penalty system became universal wherever it was desirable to interpose a deterrent against misconduct. The provision of such deterrents is not inconsistent with the general nonfault character of compensation law, as long as the basic applicability of the act is undisturbed.

2A A. Larson, *Workmen's Compensation Law* § 70.10 (1993).

This philosophy of deterrence through penalties does not require that the penalty be applied against all benefits that an injured employee may recover. Indeed, in workers' compensation law, the policy of making the employee whole is more important than placing the cost on a wrongdoer. *See* § 8–40–102, C.R.S. (1993 Cum.Supp.).

Professor Larson has clarified this objective of workers' compensation law:

> In every legal loss-distribution mechanism, there are two things to be accomplished: first, to make the victim whole, and second, to see to it as far as possible that the ultimate loss falls on the actual wrongdoer, as a matter of simple ethics and as a deterrent to harmful conduct. Tort law, being based on fault concepts, usually accomplishes both automatically; but compensation law is largely preoccupied with the first objective.

2A A. Larson, *Workmen's Compensation Law* § 70.20 (1993). Thus, we conclude that § 8–42–112 does not require the penalty to be applied to all aspects of recovery for the injured employee. *Cf.* 1A A. Larson, *Workmen's Compensation Law* § 33.10 (1993) (Twenty-two states have some form of statutory penalty for violation of safety rules: twelve make violations or failure to use a safety device a complete defense; ten reduce compensation by ten, fifteen, twenty-five, or fifty percent.).

In reaching this result, we are aware that death benefits have been reduced for violation of a safety rule, *see Harrison W. Corp. v. Hicks' Claimants,* 185 Colo. 142, 522 P.2d 722 (1974), but we are not persuaded that this requires that medical benefits should also be reduced.

### C.

Finally, the petitioners argue that the intent of § 8–42–112 is to decrease the employer's liability so it is irrelevant who is the recipient of the benefits. We disagree.

As set out above, in our view, the intent of § 8–42–112 is to establish a penalty to deter misconduct, rather than an apportionment of negligence. Furthermore, other provisions of § 8–42–101, et seq., C.R.S. (1993 Cum. Supp.), the statutory article addressing benefits, are inconsistent with the intent proposed by petitioners.

Section 8–42–101, C.R.S. (1993 Cum.Supp.) requires an employer to furnish medical aid for covered injuries and concludes with the requirement:

> (4) Once there has been an admission of liability or the entry of a final order finding that an employer or insurance carrier is liable for the payment of an employee's medical costs or fees, a medical provider shall *under no circumstances* seek to recover such costs or fees from the employee. (emphasis added).

We will not construe § 8–42–112 either to conflict with such specific language or to require a medical provider to bear fifty percent of the cost. *See* § 2–4–205, C.R.S. (1980 Repl.Vol. 1B).

Furthermore, § 8–42–102, C.R.S. (1993 Cum.Supp.) sets forth the relevant factors for the calculation of "compensation" based on the employee's wages without any mention of cost of medical aid, which supports the conclusion that medical benefits are separate from "compensation."

Although we have found no cases directly addressing this issue, we agree with the Panel that some early cases support this result.

In *McKune v. Industrial Commission,* 94 Colo. 523, 31 P.2d 322 (1934), the employee's compensation was calculated based on his weekly wage and reduced by fifty percent for

violation of a safety rule with no mention of any effect on medical benefits.

In *Industrial Commission v. Hammond,* 77 Colo. 414, 236 P. 1006 (1925), a statutory penalty increasing compensation to an employee by fifty percent if an employer failed to carry insurance was construed to exclude medical benefits because of the separate statutory provision requiring the employer to provide necessary medical aid.

In light of these applications of penalties, and the fact that our General Assembly has not significantly altered the safety rule/intoxication penalty in its numerous revisions of the workers' compensation law, we conclude that it has approved of the distinction between medical and other compensation benefits for purposes of imposing penalties. *See* § 2–4–208, C.R.S. (1980 Repl.Vol. 1B); *Creacy v. Industrial Commission,* 148 Colo. 429, 366 P.2d 384 (1961).

Order affirmed.

CRISWELL and TURSI **, JJ., concur.