No. 13,409.

POST PRINTING AND PUBLISHING COMPANY ET AL.
*v.* ERICKSON ET AL.
(30 P. [2d] 327)

Decided February 26, 1934.

Mr. FRED W. VARNEY, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. JOSEPH A. CRAVEN, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensa-

tion Act of Colorado. The employer and its insurer join in asking us to reverse the judgment of the Denver district court, which affirmed an award of compensation by the Industrial Commission. We are also asked to reinstate the decision of the commission's referee, whereby the claim for compensation was originally rejected.

■■ On September 29, 1932, as employee of the same employer, the claimant had met with a previous accident and suffered a compensable injury to his right knee. The employer promptly admitted liability and made full payment of the compensation and medical benefits awarded. On December 7, 1932, the claimant was able to and did return to work. The next morning, shortly after starting on his way to work, he was walking along the sidewalk in North Denver, several miles from the place of his employment. A severe snow storm had begun the day before. Snow was on the ground. He slipped, fell, and broke his right ankle. It is conceded that the latter accident did not arise out of or in the course of the employment, and no contention is made that this accident conferred an independent right to compensation. The argument of the claimant appears directed solely in support of the proposition that the resulting injury was a continuation, and practically a renewal and aggravation, of the injury sustained in the first accident, and that it is compensable as a sort of natural and proximate development of such original injury. The employer and the insurer counter by saying that the second injury was caused by an efficient intervening cause, namely, a venturing upon the snowy sidewalks and the consequent fall. When the accident occurred, it was very stormy. It was extremely cold, with snow covering the sidewalks, especially in the region where the claimant was walking. The situation was one inevitably fraught with danger to all pedestrians, whether strong or weak, able-bodied or otherwise. It is clear that the second accident was brought about as any similar accident might be in the case of a person possessed of a like degree of phys-

ical power, mental alertness, and caution, wholly regardless of whether there was any previous injury. This claimant received medical treatment for the new injury, an ankle fracture, while no additional detriment to the previously injured knee is shown or claimed. It is true that the evidence tends to show that the knee had been weakened by the original injury. Nothing in the record indicates, however, that the compensation originally awarded did not fully indemnify the claimant for all direct loss, including the weakness resulting from the first accident. Undoubtedly, any natural development of an industrial injury, uninfluenced by an independent intervening cause, should be attributed to such injury as part of the loss to be compensated. Indeed, our statute confers ample power upon the Industrial Commission to reopen a case in its sound discretion for a supplemental hearing whenever any such development becomes apparent. That is different from this case. Upon the happening of a later accident like the one involved here, due to an efficient intervening cause, and not arising out of or in the course of the employment, the law does not contemplate that the original compensation shall be increased merely because the later accident might or would not have happened if the employee had retained all his former physical powers. It is presumptively for the loss of these that he was awarded the original compensation. Thereafter he is subject to the ordinary risks applicable to any other man of equivalent vigor and strength. Each new accident must then be judged by the same standards for all. Under any other view, insurance carriers would have a heavy cumulative liability which would soon drive the compensation-insurance premiums skyward and paralyze if not wreck the whole beneficent system of compensation insurance. This we cannot permit. The judgment of the district court and the award of the commission are therefore reversed, and the case is remanded to the district court with directions to remand the files and record to the commission together with an order that

the award be set aside and that the original order of the referee denying compensation be reinstated.

Judgment reversed with directions.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Burke concur.