No. 19,786.

DELLA JOHNSON, ET AL. *v*. INDUSTRIAL COMMISSION OF COLORADO, ET AL.
(366 P. [2d] 864)

Decided December 18, 1961.

Mr. EUGENE O. PERKINS, for plaintiffs in error.

Mr. HAROLD R. THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED B. DUDLEY, Mr. FRANCIS L. BURY, for defendants in error State Compensation Insurance Fund and Aldridge Mercantile Company.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS case is here for the second time. In *Johnson v. Industrial Commission,* 137 Colo. 591, 328 P. (2d) 384, the judgment was reversed and the cause remanded for further determination by the Industrial Commission of an award denying death benefits to the widow and minor child of the decedent worker. On remand the Commission again denied compensation to the claimants, and again the trial court affirmed the award. The claimants are here on writ of error seeking reversal.

Charles Johnson, the decedent, was a truck driver for the Aldridge Mercantile Company. While making a delivery on January 16, 1956, and again on January 27, 1956, he sustained accidental injuries. As a result of these injuries he left work on January 27, 1956, and was confined to his home until February 9, 1956, when he died of pneumonia.

Dr. Houf, the decedent's attending physician, in the proof of death stated that the decedent had suffered a

chest wall injury but was unwilling to say whether or not this injury had a causal connection with the death. An autopsy was performed by Dr. James Beattie two days after decedent's death. He reported that the decedent had a chest wall injury demonstrated by a discoloration due to blood in the tissues both on the inside of the right chest in the lower portion and on the outside of the chest in the same area as though he had an injury due to direct violence, either by falling or being hit by something. He testified that in his opinion decedent died from bacterial pneumonia which went to the point of fatal termination because of the confusing factor of the patient's having been injured which caused him pain and also because the pain from this injury kept him from coughing and clearing out his bronchi.

A reporter's transcript of the testimony of the witnesses and the reports of Drs. Houf and Beattie were submitted to Dr. Condon, a thoracic expert, for an opinion. Dr. Condon made a report on the matters submitted to him and also appeared and testified. It was his opinion that the deceased had suffered only a strain and that therefore his injury could not in any way be a cause of death.

Upon this state of the evidence the Commission, in the original proceeding, found that the accidental injury had no causal connection with the death. In our former opinion in this case, *Johnson v. Industrial Commission,* supra, we advised the Commission that Dr. Condon's opinion as to the cause of death based, as it was, wholly on his hypothesis that the deceased suffered only a strain as a result of the accident, had no probative value on the element of causation of death. We stated that Dr. Condon's testimony had no residium of legally admissible evidence to bolster it. The case was remanded with instructions to determine whether the facts brought the claim within the provisions of C.R.S. '53, 81-13-2 and to make further determination consonant with the views expressed.

On remand, the Commission took no further testimony, relying solely on the record made in the previous hearing. This time the Commission made findings that the deceased had suffered a chest wall injury in the accident and that he had died from bacterial pneumonia. There is evidence in the record to support both of these findings and they must stand.

The Commission then went on to find that there was no evidence that the injuries sustained by the deceased were the proximate cause of his death. The Commission totally ignored the testimony of Dr. Beattie that the decedent died from bacterial pneumonia which undoubtedly went to the point of fatal termination because of the confusing factor of the decedent's injury kept him from coughing and clearing out his bronchi. This testimony was now the sole and uncontradicted evidence in the case concerning causation, since Dr. Condon's testimony was now doubly inadmissible, first, because of our former opinion, and, secondly, because it was based on the premise of a strain which the Commission itself rejected by finding that the decedent had suffered a chest wall injury. The only evidence in this case dealing with causation supports the position that the injury was the proximate, although not the immediate, cause of the death.

It is not necessary that the injury be the immediate cause, but only the proximate cause of the death in order to sustain an award. *Columbine Laundry Co. v. Colorado Industrial Comm.*, 73 Colo. 397, 215 Pac. 670.

To ignore the uncontradicted evidence in the case relating to causation amounts to basing the award on speculation and conjecture, This the Commission cannot do.

Where the facts are undisputed as they are here, the question is one of law and not of fact and the Court is not bound by the conclusion of law reached by the Commission or the referee. *Marotte v. State Compensation Fund,* 145 Colo. 99, 357 P. (2d) 915; *Billings v.*

*Industrial Commission,* 127 Colo. 69, 253 P. (2d) 1058.

The judgment is reversed and the cause remanded to the trial court with directions to remand the same to the Industrial Commission with instructions to enter an award for the claimant.

Mr. Justice Day and Mr. Justice McWilliams dissent.

Mr. Chief Justice Hall not participating.

Mr. Justice McWilliams dissents:

Claimant has the burden to prove and establish that the death of her husband on February 9, 1956, from bacterial pneumonia was caused by the accidental chest injuries sustained on January 16 and 27, 1956. In his report the attending physician described this as a "questionable case considering the time which elapsed from the date of the injury and his date of death" and he, at least, declined to express the medical opinion that there was a "causal connection" between the accidental injury and the ensuing death, with the parting comment that he "would respect the opinion of a chest specialist over and above my own, in this regard."

Claimant did not call a chest specialist, and the only other medical testimony came from the doctor who two days after death performed the autopsy. This doctor was a general surgeon, and not a pathologist, and his testimony is fully set forth in the majority opinion. This doctor quite candidly observed that there was a "confusing factor" in the instant case. The Commission was not bound to accept his expression of opinion as necessarily being medically correct. In my opinion his testimony when viewed as a whole leaves room for real doubt as to whether there was any connection between the chest injury and resulting death from bacterial pneumonia.

On this state of the record the Industrial Commission found, in part, as follows: "* * * that the evidence relating to the cause of the decedent's death does not estab-

lish that his death was proximately caused by the accidental injuries of January 16 and 27, 1956 * * * The medical evidence appearing in this matter is consistently to the effect that decedent died from pneumonia * * * Here, claimants have failed to show by such evidence that the injuries sustained by decedent resulted in his death * * * To find otherwise would be to base an award on speculation and conjecture * * *."

Based upon the record before it, the Industrial Commission was fully justified in making this finding and upon judicial review it should not be disturbed.

Mr. Justice Day joins in this dissent.