No. 24284.

Standard Metals Corporation, and State Compensation Insurance Fund *v.* Claude E. Ball, and Industrial Commission of Colorado.
(474 P.2d 622)

Decided September 21, 1970.

Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., for plaintiffs in error Standard Metals Corporation and State Compensation Insurance Fund.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Chief Justice McWilliams.

This is a workmen's compensation case. Claude E. Ball, age 43, a miner employed by Standard Metals Corporation, while cleaning a grizzly sustained a compound fracture of his right leg (fracture of right tibia and fibula) eight inches above the ankle in an accident arising out of and in the course of his employment. The employer filed an admission of liability and Ball received certain workmen's compensation benefits for this injury.

As a result of this accident Ball was off work for approximately 14 months, during which time he underwent corrective surgery on his right leg. More specifically, a sliding tibial bone graft was performed on the right tibia. Thereafter, though he had not fully recovered and was still under doctor's care, Ball was permitted to return, and he did return, to "light duty" work for his employer.

About three weeks after he had thus returned to work, Ball — while "off" his job — slipped on an icy sidewalk and refractured his right leg. Ball then made claim for additional compensation benefits in connection with his

refractured right leg. The Industrial Commission, after hearing, found that there was a causal connection between the initial fracture and the subsequent refracture and granted Ball's claim for additional compensation benefits. Upon judicial review, the trial court upheld the award of the Commission. By writ of error the employer and its insurer now seeks reversal of the judgment thus entered.

The position of the employer and its insurer is twofold: (1) the findings of the Commission are of "uncertain quality" and are "insufficiently couched"; and (2) the second accident, *i.e.*, fall on icy sidewalk, was an "independent intervening agent" and occurred when Ball was on a personal errand and not working for his employer.

■■ As concerns the initial contention that the findings of the Commission are uncertain and insufficient, our study of the referee's findings, which were adopted by the Commission, convinces us that the findings are adequate and not subject to the charge of indefiniteness. The Commission's detailed findings included, among other things, a positive finding that the refracture was causally related to the original injury. The findings, taken as a whole, are not subject to the defect perceived in the findings under consideration in *Resler Line v. Industrial Commission*, 113 Colo. 287, 156 P.2d 132. Rather, the findings made by the Commission in the instant case meet the test of *Hamilton v. Ind. Comm.* 132 Colo. 408, 289 P.2d 639, where we stated that "no specific wording of the findings [of the Commission] is required but the meaning of the same must be clearly expressed." The real issue here, as we see it, is not the sufficiency of the findings, as such, but whether there is evidence to support the findings and award of the Commission.

Our examination of the record made before the Commission convinces us that there is competent evidence of sufficient stature to support the award of the Commission and that the judgment of the trial court approving the

Commission's award should be affirmed. We shall briefly capsulize this supporting evidence.

Ball's attending physician stated that in the fall on the icy sidewalk Ball sustained a fracture of the right tibia somewhat above the site of the previous tibial fracture but in the area from which the sliding tibial bone graft had been taken. This doctor stated that in the aforesaid fall Ball also suffered a fracture of the fibula at its original site.

The attending physician then went on to testify that in his opinion there was a causal connection between Ball's original injury to his right leg and the subsequent refracture. The purport of his testimony was that though the original injury did not cause Ball to slip and fall on the icy sidewalk, the original injury did help produce the second fracture of the right leg. Specifically, in this connection the doctor testified as follows:

"It is my opinion, as I expressed in correspondence previously, that there was a relationship between this fall and the refracture and the patient's original injury. I feel although a fall can certainly produce a fracture of the leg, in this particular instance due to the probable presence of osteoporosis, of disuse, and the weakened musculature of the leg, and the fact that there had been a previous fracture and a bone graft in this area, I feel that the refracture through the area of the bone graft just immediately above the site of the original injury was related to the original injury, and it is my personal feeling that this fracture probably would not have occurred had the patient not had the original injury and the weakened condition of the bone in that area."

In the correspondence referred to by the doctor in his testimony before the referee, which correspondence was a part of the record before the Commission, the doctor wrote as follows:

". . . Although the most recent x-rays revealed apparently solid bone union throughout the right leg, it would seem quite obvious to me that the re-injury incurred at this

time probably is attributal to patient's recent compensation injury in which a compound fracture of the right tibia was incurred leading to the necessity for performance of a sliding tibial bone graft. It is unlikely that he would have fractured this bone at the present time had he not been injured initially, and therefore, I would recommend that this new injury be considered compensable under the Workmen's Compensation laws."

■ We deem the foregoing to demonstrate that there is ample evidence which supports the finding of the Commission, which in effect was that even though Ball fell on the icy sidewalk, his leg would not have been refractured but for the fact of the prior fracture which necessitated corrective surgery and resulted in a "weakened condition of the bone in that area."

We find no Colorado authority bearing directly on the precise point here in issue. *Post P. & P. v. Erickson,* 94 Colo. 382, 30 P.2d 327, relied on heavily by counsel, is distinguishable on the facts. There the complainant suffered a compensable injury to his right knee. He later slipped and fell on a snowy sidewalk and broke his right ankle. The claim for benefits for the ankle injury was apparently based on the theory that the first accident and the resulting injury to his right knee resulted in a weakened condition which caused the fall on the snowy sidewalk resulting in the broken right ankle. This theory was rejected with the observation that it was an efficient intervening cause, *i.e.,* the venturing upon the snowy walks and the consequent fall, which caused the second and different injury. In the instant case there was no such efficient intervening cause. In other words, the venturing upon the icy sidewalk by Ball and his consequent fall was not the real cause of his refracture. Rather the refracture, according to the attending physician, was the result of the weakened bone condition resulting from corrective surgery necessitated by the compound fracture, which in turn resulted from an accidental injury

admittedly arising out of and in the scope of Ball's employment as a miner.

Although the factual situation differs from the one at hand, the following language from *Vanadium Corp. v. Sargent,* 134 Colo. 555, 307 P.2d 454, is deemed appropriate:

"Once the injury is determined to have arisen out of and during the course of claimant's employment obviously the results flowing proximately and naturally therefrom come under the aegis of the statute."

See, also *Johnson v. Ind. Commission,* 148 Colo. 561, 366 P.2d 864, where it was held that death caused by pneumonia was compensable where there had been a prior accidental chest injury and the chest injury, though not the immediate cause of death was nonetheless the proximate cause of death.

In our view there is competent evidence in the instant case to support the finding that the refracture was a result of the original injury, *i.e.,* the refracture flowed from the compensable injury, and such finding is sufficient to support the award of the Commission.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.