Esther SMARTT, Plaintiff-Appellant,

v.

LAMAR OIL COMPANY and Dale A. Schibblehut, Defendants-Appellees.

No. 78–1138.

Colorado Court of Appeals, Div. II.

Oct. 2, 1980.

As Modified on Denial of Rehearing Nov. 28, 1980.

74

Andersen & Gehlhausen, John Gehlhausen, Lamar, for plaintiff-appellant.

Laurence A. Ardell, Pueblo, for defendants-appellees.

SMITH, Judge.

Plaintiff brought this action seeking to recover for personal injuries incurred in an automobile accident and for subsequent injuries sustained during her convalescence. The trial court disallowed any consideration of plaintiff's subsequent injuries and plaintiff asserts that this constitutes reversible error. Plaintiff also asserts that the trial court erred in refusing to permit voir dire of the jury panel concerning the jurors' knowledge of advertisements placed in national magazines dealing with insurance costs and jury verdicts. Finally, plaintiff asserts that the trial court erred in failing to permit cross-examination of a doctor testifying for the defense regarding his billing rates and his evaluation of plaintiff's injuries. We reverse and remand for a new trial.

## I.

On August 28, 1975, plaintiff was involved in an automobile accident in which she suffered a fracture of her left humerus. Five and one-half months later, plaintiff refractured her left humerus at a different place than the original fracture. The second fracture occurred when plaintiff stumbled on a rug in her bathroom.

At trial, plaintiff, in an offer of proof, attempted to establish that the second fracture would not have happened but for the occurrence of the prior injury. Plaintiff offered expert medical testimony to the effect that the bone probably would not have broken the second time had the original injury never taken place.

Plaintiff asserts that her re-injury claim is cognizable under the Restatement (Second) of Torts § 460 as adopted in *Schnabel v. Waters*, 37 Colo.App. 498, 549 P.2d 795 (1976), and that, therefore, the trial court erred in refusing to admit evidence of same.

While we agree that Restatement (Second) of Torts, § 460 is the law in Colorado, we reject plaintiff's argument that her claim falls within the purview of the Restatement § 460.

Restatement of (Second) of Torts § 460 states as follows:

"If the negligent actor is liable for an injury which impairs the physical condition of another's body, the actor is also liable for harm sustained in a subsequent accident which would not have occurred had the other's condition not been impaired, and which is a normal consequence of such impairment."

■ We interpret Restatement § 460 as requiring a demonstrable causal connection between the original injury and the accident resulting in the subsequent injury. This condition is satisfied only when the second accident occurs as a normal consequence of the initial injury. See *Eli Witt Cigar & Tobacco Co. v. Matatics*, Fla., 55 So.2d 549 (1951); *Squires v. Reynolds*, 125 Conn. 366, 5 A.2d 877 (1939); *Hoseth v. Preston Mill Co.*, 49 Wash. 682, 96 P. 423 (1908).

■ In adopting this interpretation of Restatement § 460, we are not unmindful of *Standard Metals Corp. v. Ball*, 172 Colo. 510, 474 P.2d 622 (1970). That case, although it deals with a substantially similar injury, is distinguishable because it involves the award of Workmen's Compensation benefits. The primary purpose of the Workmen's Compensation Act is to afford compensation for injuries which occur on the job without regard to fault. *Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973). The only issue concerning how the injury occurred in Workmen's Compensation cases is whether it is employment related, and in light of the Act's humanitarian purpose, any reasonable doubt as to that issue must be resolved in favor of the Workmen's Compensation claimant. *Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976). In the tort context, such as presented here, fault is the basic determinant of liability, and the burden is upon him who asserts the right to recover to establish the fault of the person he seeks to charge.

The facts present in *Schnabel*, illustrate the proper application of this theory. In *Schnabel*, it was clear that the efficient

cause of the second accident was the broken hip sustained in the initial automobile accident, that is, but for the broken hip, plaintiff would not have fallen.

In the present case the actual cause of the second accident was not related to the original injury; the original fracture of the left arm did not cause plaintiff to stumble on the rug in her bathroom. Though it may be true that plaintiff's previous fracture left her susceptible to greater injury in the event of subsequent trauma, such increased susceptibility did not initiate the chain of events that ultimately resulted in plaintiff refracturing her left humerus. Therefore, plaintiff's claim for subsequent injuries does not fall within the protection of the Restatement § 460.

Although we hold that plaintiff is not entitled to recover for her second injury, evidence relating to her second accident is relevant and admissible to prove the nature and extent of her original injury. The circumstances surrounding the second fracture are probative of the severity of the initial injury, and the extent of any temporary or permanent disability suffered by the plaintiff as a result of the first accident. We therefore rule that the trial court erred in disallowing the presentation of evidence regarding the second accident.

It is important to note that the adoption, in Colorado, of Restatement § 460 does not in any way affect the finality of judgments rendered in a personal injury case or the efficacy of final and complete settlements. Restatement § 460 does not operate to enable a plaintiff to reopen a claim should an accident occur following a final adjudication or settlement of the original claim. This is true because a plaintiff, in his original suit, is entitled to full and complete compensation for any permanent impairment caused by defendant's negligence. Such a recovery includes compensation for the risk of future harm incident to and resulting from his permanent disability. *See Short v. Downs*, 36 Colo.App. 109, 537 P.2d 754 (1975).

## II.

Plaintiff also asserts that the trial court erred in refusing to allow her to ask the jury on voir dire, "Have any of you observed in the past advertising placed by insurance companies in magazines or mail directly to yourself, commenting on the jury system and jury verdicts?" This assertion is without merit.

Although it is true that the purpose of voir dire is to enable the court and counsel to select as fair and impartial a jury as is possible, and that counsel must be given considerable latitude to make such examination in good faith, *Oglesby v. Conger*, 31 Colo.App. 504, 507 P.2d 883 (1972), it is also true that the conduct of the trial and the control of counsel and statements made to the jury are fully within the discretion of the trial court. *Mayer v. Sampson*, 157 Colo. 278, 402 P.2d 185 (1965).

In the case at bar, counsel was given broad latitude during his voir dire of the jury. Furthermore, in light of the fact that counsel could have rephrased his question in such a manner as to eliminate reference to the word "insurance" while still determining whether there were any biases or prejudices on the part of the potential jurors, we find no abuse of discretion in the trial court's refusal to permit the question.

## III.

Finally, plaintiff asserts that she should have been permitted to elicit testimony concerning the bill submitted by defendant's doctor who examined plaintiff, and who later testified on defendant's behalf. We agree.

A party is permitted considerable leeway in presenting evidence which tends to show bias or prejudice on the part of a witness. *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976). Here, by plaintiff's offer of proof, it was established that defendant's examining doctor generally charged $18 per office visit regardless of the length of that visit. However, the office visit involving plaintiff which consumed seventeen minutes, including the

time taken to dictate and proofread a report, was billed at $100.

We conclude that this disparity in billing could have been indicative to the jury of some special relationship between the doctor and the defendant's insurance carrier and could have had an impact on the credibility given by the jury to the doctor's testimony. Therefore, we hold that plaintiff was entitled to present this evidence.

With respect to plaintiff's assertion that she was denied the right to cross-examine the doctor with respect to his evaluation of plaintiff, we have found no error.

We have considered other arguments raised by the parties and have found them to be without merit.

The judgment is reversed and the cause is remanded to the trial court for a new trial consistent with the views expressed in this opinion.

PIERCE and STERNBERG, JJ., concur.