**LINDNER CHEVROLET and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Michael C. Keefner, Respondents.**

Colorado Court of Appeals,
Div. III.

Nov. 9, 1995.

As Modified on Denial of Rehearing
Dec. 21, 1995.

Certiorari Denied April 8, 1996.

Weinberger & Kanan, P.C., Thomas L. Kanan, Denver, for Petitioners.

Michael W. Seckar, Pueblo, for Respondent Michael C. Keefner.

No appearance for Industrial Claim Appeals Office.

Opinion by Judge JONES.

In this workers' compensation case, petitioners, Lindner Chevrolet and the Colorado Compensation Insurance Authority, seek review of the final order of the Industrial Claim Appeals Panel awarding claimant temporary total and permanent total disability benefits. We affirm.

Claimant sustained a back injury in May 1991 during his employment as an automobile detailer for Lindner Chevrolet. He was off work until July 1, 1991, and returned to restricted employment until August 29, 1991, when he was terminated. It is undisputed that claimant also suffers from severe pre-existing paranoid schizophrenia and post-traumatic stress disorder which arose during his earlier military service and for which he received an award of veterans' disability benefits. Effective November 1991, claimant also was awarded Social Security Disability Insurance benefits (SSDI) for total disability although the social security proceeding did not address the crucial issue that was present in the workers' compensation proceeding, *i.e.*, whether the injury for which compensation was sought arose out of and in the course of claimant's employment with Lindner.

## I.

Petitioners contend that the award of temporary total disability benefits was in error because claimant was terminated in part for his own misconduct. We disagree.

Sections 8–42–103(1)(a) & 8–42–105(1), C.R.S. (1995 Cum.Supp.) require a claimant to establish a causal connection between a work-related injury and a subsequent wage loss in order to obtain temporary total disability benefits. To establish eligibility for temporary disability benefits the employee need not prove that the work-related injury was the *sole cause* of the wage loss. *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542 (Colo.1995); *Cf. Johnson v. Industrial Commission*, 148 Colo. 561, 366 P.2d 864 (1961) (injury need not be immediate cause, but only the proximate cause of a disability).

Thus, if a claimant establishes that his or her work-related injury contributed *in some degree* to a temporary wage loss, the claimant is eligible for temporary disability benefits. Such benefits are precluded only when the work-related injury plays no part in the subsequent wage loss. *PDM Molding, Inc. v. Stanberg, supra.*

Here, the Administrative Law Judge (ALJ) found that claimant's employment was terminated, at least in part, for reasons related to his disability resulting from his work-related injury. In addition, the ALJ found that claimant attempted to find and maintain employment following his discharge, but was unsuccessful because of the physical restrictions caused by the industrial injury. Accordingly, the award of temporary total disability benefits was appropriate.

## II.

Petitioners also contend that claimant's pre-existing psychological condition was independently and totally disabling. Therefore, they argue that claimant was entitled only to permanent partial disability for the subsequent industrial injury. We are not persuaded.

## A.

■ An employer takes an employee as he finds him, and if an injury is significant in that there is a direct causal relationship between the precipitating event and the resulting disability, an industrial injury is still compensable if it has caused a dormant pre-existing condition to become disabling. *Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962); *Seifried v. Industrial Commission,* 736 P.2d 1262 (Colo.App.1986).

Here, the ALJ expressly acknowledged that claimant's psychological disability made it difficult for him to maintain a job. However, the ALJ determined that, in spite of that disability, claimant had been successfully employed at Lindner prior to the industrial injury.

Furthermore, the ALJ found that all of claimant's pre-injury experience was in the medium to heavy work categories and that the permanent physical restrictions imposed following the work-related injury limited claimant to sedentary work. Accordingly, the ALJ concluded that when the pre-injury psychological restrictions were combined with the physical restrictions imposed by the injury, claimant was rendered incapable of sustaining regular employment in the open labor market. Thus, the ALJ's findings are supported by the evidence. These findings, in turn, support the determination that claimant was permanently and totally disabled as a result of his work-related injury. *See Seifried v. Industrial Commission, supra.*

## B.

■ We reject petitioners' argument that *Colorado Fuel & Iron Corp. v. Industrial Commission, supra,* was overruled by subsequent legislative changes. As the Panel concluded, § 8–42–104, C.R.S. (1995 Cum. Supp.) is inapplicable here. That statute addresses apportionment when a claimant has suffered multiple *industrial* disabilities. *See Coates, Reid & Waldron v. Vigil,* 856 P.2d 850 (Colo.1993). Furthermore, since this is a pre–1991 injury, the amendments to § 8–42–104(1) do not apply. *See Martinez v. Re-gional Transportation District,* 832 P.2d 1060 (Colo.App.1992).

## C.

■ In addition, we are not persuaded that the principle of apportionment, which is applicable in occupational disease cases and was described in *Anderson v. Brinkhoff,* 859 P.2d 819 (Colo.1993), is relevant here.

In *Brinkhoff,* the supreme court determined that apportionment was appropriate in circumstances in which there were dual causes of an occupational disease and there was no evidence that occupational exposure to a hazard was a necessary precondition to the development of the disease. Thus, the *Brinkhoff* decision was premised upon the specific statute that defines occupational diseases and the extended period over which occupational diseases develop. *See Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991). Here, in contrast, claimant suffered an injury as a result of a work-related accident and did not suffer from the hazards which cause an occupational disease.

■ Furthermore, contrary to petitioners' assertion, the General Assembly has accorded employers the protection of apportionment only for prior industrial disabilities. It has not extended the apportionment to prior non-industrial disabilities. *City & County of Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984). In the absence of such legislation, we cannot judicially provide such relief. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

■ Finally, the determination of medical impairment under § 8–42–107(8), C.R.S. (1995 Cum.Supp.) is not at issue here. Hence, apportionment based on medical impairment is not appropriate. Cf. *Askew v. Sears Roebuck & Company,* 914 P.2d 416 (Colo.App.1995).

## III.

■ Petitioners also assert that the social security decision conclusively determined that claimant was permanently and totally disabled as a result of his independent and pre-existing condition. Therefore, they rea-

**500**

son, his employment could not have caused his disability. We are not persuaded.

■ Initially, we note that, at oral arguments, petitioners urged, for the first time, the applicability of the doctrine of judicial estoppel concerning this contention. However, because this issue was not raised before the Panel, we may not consider it.

■ Collateral estoppel, or issue preclusion, bars relitigation of an issue determined in a prior proceeding if: 1) the issue precluded is identical to an issue actually determined in the prior proceeding; 2) the party against whom estoppel is asserted has been a party to or in privity with a party in the prior proceeding; 3) there is a final judgment on the merits in the prior proceeding; and 4) the party against whom estoppel is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding. *Maryland Casualty Co. v. Messina*, 874 P.2d 1058 (Colo.1994).

Here, the record reflects that claimant was awarded disability benefits by the Social Security Administration (Administration) in October 1992 without a hearing, "based on information [he provided to the Administration]." The limited record of the social security proceedings shows that claimant was granted social security disability benefits because his impairment, a diagnosis of schizophrenia, is a category within a list of impairments maintained by the Administration on which is based medical eligibility for benefits.

■ When a claimant seeks social security disability benefits: "If the impairment is severe, [a determination is made as to whether it] is equivalent to one of a number of listed impairments that the [Administration] acknowledges are so severe as to preclude substantial gainful activity.... If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119, 127 (1987).

■ In contrast, there is no presumption of compensability under the workers' compensation system. *See City of Boulder v.*

*Streeb*, 706 P.2d 786 (Colo.1985) (there is no presumption in favor of compensability under the Workers' Compensation Act).

It also appears that the social security proceeding did not address the crucial issue that was present in the workers' compensation proceeding, *i.e.*, whether the injury for which compensation was sought arose out of and in the course of claimant's employment with Lindner. Thus, the bases for the determinations of permanent total disability in the respective statutory schemes are not comparable.

Because of the different focus and standards pertinent to the two proceedings, the identity of issues necessary to invoke collateral estoppel is absent between the issues decided by the Administration and those necessary to the determination of eligibility for benefits under the Workers' Compensation Act. Additionally, the procedures followed by the Administration are materially different from those necessary to be followed in a workers' compensation action. Hence, the doctrine of collateral estoppel does not apply here.

Accordingly, we conclude that the social security decision is not binding in the workers' compensation proceeding, and the claimant is not barred from benefits by the doctrine of collateral estoppel. *Cf. Maryland Casualty Co. v. Messina, supra* (determination of issues as to scope of employment in previous workers' compensation proceeding did not bar, through collateral estoppel, determination of entitlement to PIP benefits under No–Fault Act).

The order is affirmed.

RULAND and BRIGGS, JJ., concur.