Mary Crossley OWENS, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO,
Teller County Social Services, and Coun-
ty Workers' Compensation Pool, Re-
spondents.

No. 01CA0803.

Colorado Court of Appeals,
Div. I.

March 14, 2002.

Certiorari Denied June 24, 2002.

Steven U. Mullens, P.C., Steven U. Mul-
lens, Andrew C. Gorgey, James A. May, Col-
orado Springs, Colorado, for Petitioner.

Ken Salazar, Attorney General, Y.E. Scott,
Assistant Attorney General, Denver, Colora-

do, for Respondent Industrial Claim Appeals Office of the State of Colorado.

Ritsema & Lyon, P.C., Richard M. Lamphere, Colorado Springs, Colorado, for Respondents Teller County Social Services and County Workers' Compensation Pool.

Opinion by Judge METZGER.

In this workers' compensation proceeding, Mary Crossley Owens (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) denying her request for medical benefits associated with a procedure she underwent for the treatment of breast cancer. We affirm.

The pertinent facts are not in dispute. Claimant sustained an industrial injury to her upper extremities in 1990. She reached maximum medical improvement (MMI) on May 14, 1997, and, pursuant to her employer's final admission, was determined to be permanently and totally disabled.

In December 1997, claimant was diagnosed with breast cancer and was given her choice of two treatment options: a mastectomy or a lumpectomy. She decided to undergo the lumpectomy, which would ordinarily have been followed by external beam radiation therapy at a probable cost of $6645. However, because claimant's industrial injury prevented her from holding her arm in the position necessary for that procedure, brachytherapy was used instead. That procedure involved the implantation of catheters at or near the former site of the cancer to deliver radiation and cost $9460.

Asserting that the need for the brachytherapy was related to the industrial injury, claimant requested payment of $2815, the difference between the cost of that procedure and the less expensive alternative of external beam radiation.

Following an evidentiary hearing, the Administrative Law Judge (ALJ) found that the admitted industrial injury had affected the method of claimant's treatment, but that it had not affected her cancer or her chance of cure. The ALJ acknowledged that § 8–42–101(1)(a), C.R.S.2001, places liability on the employer for medical treatment that is reasonably necessary to "cure and relieve" the claimant from the effects of the industrial injury. However, noting that the cancer treatment protocol claimant selected had no role in curing or relieving the effects of the work injury, the ALJ determined that the medical benefits sought were beyond the scope of an employer's liability set forth in § 8–42–101(1)(a). Accordingly, the ALJ denied the claim, finding that the cost difference between the two procedures was not a compensable medical benefit.

The Panel upheld the denial on review.

▬ Claimant contends that, because the brachytherapy was directly necessitated by the permanent effects of her industrial injury, the Panel erred in concluding that the increased cost resulting from that protocol was not a compensable medical benefit. We find no error.

▬ Section 8–42–101(1)(a) imposes upon every employer the duty to furnish such medical treatment "as may reasonably be needed at the time of the injury ... and thereafter during the disability to cure and relieve the employee from the effects of the injury." That duty includes furnishing treatment for conditions representing a natural development of the industrial injury, *Employers Mutual Insurance Co. v. Jacoe*, 102 Colo. 515, 81 P.2d 389 (1938), as well as providing compensation for incidental services necessary to obtain the required medical care. *Country Squire Kennels v. Tarshis*, 899 P.2d 362 (Colo.App.1995). Further, as both the ALJ and the Panel observed, the duty has been construed to also include paying for treatment of unrelated conditions when such treatment is necessary to achieve optimum treatment of the industrial injury. *Public Service Co. v. Industrial Claim Appeals Office*, 979 P.2d 584 (Colo.App.1999).

▬ All results flowing proximately and naturally from an industrial injury are compensable. *See Standard Metals Corp. v. Ball*, 172 Colo. 510, 474 P.2d 622 (1970). However, no compensability exists when a later accident or injury occurs as the direct result of an independent intervening cause. *Post Printing & Publishing Co. v. Erickson*, 94 Colo. 382, 30 P.2d 327 (1934). Whether a particular condition is the result of an inde-

 

pendent intervening cause is a question of fact for resolution by the ALJ. *See Faulkner v. Industrial Claim Appeals Office*, 12 P.3d 844 (Colo.App.2000).

Here, it is undisputed that claimant's cancer occurred independently of the industrial injury and that the brachytherapy simply enabled her to utilize the more conservative lumpectomy procedure. Although claimant's permanent range of motion deficits in her upper extremities limited her treatment choices, it was the cancer, not her industrial injury, that actually created the need for the brachytherapy. The sole purpose of that protocol was to eradicate any spread of the cancer, not to avoid a possible aggravation of claimant's industrial injury or to otherwise alleviate symptoms related to it.

Claimant's reliance upon *English v. J.P. Stevens & Co.*, 98 N.C.App. 466, 391 S.E.2d 499 (1990), as authority for compensability in this instance is misplaced. There, the claimant, who had sustained an industrial back injury, was advised to have cesarean section surgery because natural childbirth would further damage her back. The surgery was found to be a natural consequence of the industrial injury because it was necessary to avoid further injury to the claimant's weakened back, and, therefore, it was determined to be a compensable medical benefit.

Here, claimant concedes that the brachytherapy did not cure or relieve her industrial injury. Indeed, it had no effect on her industrial injury at all.

Claimant's cancer is totally independent of her industrial injury and needed to be treated notwithstanding the industrial injury. Thus, because the record supports the ALJ's determination that the cancer and its treatment are not "effects of" the industrial injury, we may not disturb that finding.

■ And, we agree with the Panel that § 8–42–101(1)(a) does not contemplate increased compensation for an original industrial injury when, as in this case, that injury merely impacts the treatment choices for an unrelated medical problem. In such a situation, the unrelated medical problem operates as an independent intervening cause. *See*

*Post Printing & Publishing Co. v. Erickson, supra.*

The order denying the requested medical benefits is affirmed.

Judge ROTHENBERG and Judge KAPELKE, concur.