23CA1239 Marriage of Smiley 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1239 Boulder County District Court No. 22DR603 Honorable Thomas F. Mulvahill, Judge In re the Marriage of Candance Smiley, n/k/a Sebastian Bray, Appellant, and Troy Smiley, Appellee. JUDGMENT AFFIRMED Division V Opinion by JUDGE LUM Harris and Brown, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Candance Smiley, n/k/a Sebastian Bray, Pro Se Peak Legal Services, LLC, Todd Narum, Denver, Colorado, for Appellee 
1 ¶ 1 Candace Smiley, n/k/a Sebastian Bray,
1 appeals from the trial court’s permanent orders entered in connection with the dissolution of his marriage to Troy Smiley. We affirm the judgment. I. Background ¶ 2 The parties are the parents of three children, who were all minors at the time of the dissolution proceedings. During the case, a child and family investigator (CFI) was appointed to make recommendations about the children’s best interests. The CFI filed an initial report about a month before the originally scheduled permanent orders hearing. The hearing was then continued twice — the first time so that Bray could address a medical issue and the second time so that he could retain new counsel after his counsel withdrew. Two days before the final rescheduled hearing date, the CFI filed an updated report. ¶ 3 Bray did not retain new counsel, and he represented himself at the permanent orders hearing. At the beginning of the hearing, 1 Because the final order from the trial court refers to Bray by his former name, we must include that name on our caption page as well. We mean no disrespect in doing so. 
2 Bray moved for a continuance due to the updated report’s late disclosure, which the trial court denied. ¶ 4 During the hearing, the trial court heard witness testimony and received evidence from both sides. In its permanent orders, the trial court (1) awarded Smiley sole decision-making authority; (2) ordered that the children would reside primarily with Smiley in Florida, with some parenting time for Bray with the two younger children on weekends, holidays, and school breaks; and (3) entered other orders regarding the division of property, spousal maintenance, and child support. ¶ 5 Bray appeals. II. Motion to Continue ¶ 6 As best we can discern, Bray first argues that the trial court erred by denying his motion to continue the permanent orders hearing. We disagree. A. Legal Principles and Standard of Review ¶ 7 We review the trial court’s denial of a motion to continue for an abuse of discretion. Miller v. Brannon, 207 P.3d 923, 932 (Colo. App. 2009). A court abuses its discretion only if its decision is manifestly arbitrary, unreasonable, or unfair. Id. 
3 ¶ 8 A court should grant a motion to continue only upon a showing of good cause. C.R.C.P. 121, § 1-11; Miller, 207 P.3d at 932-33. Accordingly, a continuance should generally be limited to situations in which unforeseen and exceptional circumstances would require diligent attorneys to seek an adjournment. Todd v. Bear Valley Vill. Apartments, 980 P.2d 973, 976 (Colo. 1999). The moving party bears the burden of establishing the requisite good cause. In re Marriage of Lorenzo, 721 P.2d 155, 156 (Colo. App. 1986). And to obtain reversal based on the denial of a continuance, the moving party must demonstrate actual prejudice arising from the denial. Black v. Black, 2018 COA 7, ¶ 107. B. Analysis ¶ 9 According to the permanent orders, Bray moved to continue the hearing because the late disclosure of the updated CFI report prevented him from subpoenaing witnesses to rebut it. The trial court denied Bray’s motion because the original report identified all of the witnesses Bray wished to subpoena; therefore, they were known to him well in advance of the hearing. And the trial court noted that the report was delayed in part because Bray did not cooperate with the CFI. 
4 ¶ 10 On appeal, Bray fails to explain how the court erred in this reasoning or how he was prejudiced by the denial. While we broadly construe arguments made by self-represented litigants, we cannot rewrite Bray’s pleadings on his behalf or make arguments that he has not. Johnson v. McGrath, 2024 COA 5, ¶ 10. We therefore discern no basis for reversal. Black, ¶ 107. III. Exclusion of Evidence ¶ 11 Second, Bray argues that the trial court improperly excluded evidence at the hearing. A. Legal Principles and Standard of Review ¶ 12 We review a trial court ruling on the admissibility of evidence for an abuse of discretion. Bly v. Story, 241 P.3d 529, 535 (Colo. 2010); E-470 Pub. Highway Auth. v. 455 Co., 3 P.3d 18, 23 (Colo. 2000). ¶ 13 In general, all relevant evidence is admissible, CRE 402, and the Colorado Rules of Evidence strongly favor admission of material evidence, Palizzi v. City of Brighton, 228 P.3d 957, 962 (Colo. 2010). Even so, we will reverse a trial court’s decision to exclude evidence only if the exclusion affected a substantial right of a party. Williams v. Chrysler Ins. Co., 928 P.2d 1375, 1380 (Colo. App. 1996); C.A.R. 
5 35(e). An error affects a substantial right only if “it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself.” Banek v. Thomas, 733 P.2d 1171, 1178 (Colo. 1986). B. Analysis ¶ 14 Bray argues that he was not permitted to admit (1) “some of the exhibits” that he submitted for the hearing or (2) “exhibits to impeach [the CFI] on the stand.” But Bray does not identify what evidence he was barred from introducing; how that evidence was relevant, material, and admissible; or how he was prejudiced by the exclusion. It is therefore impossible to discern whether the court abused its discretion or whether the error, if any, affected Bray’s substantial rights. Accordingly, we decline to review this argument. Vallagio at Inverness Residential Condo. Ass’n v. Metro. Homes, Inc., 2017 CO 69, ¶¶ 39-40 (declining to address conclusory assertions presented without supporting argument or authority). IV. Talking Parents Log Exhibit ¶ 15 As best as we understand him, Bray argues that the trial court improperly counted against him the time that Smiley spent looking for a Talking Parents log exhibit during Bray’s cross-examination of 
6 Smiley. However, Bray doesn’t make any coherent argument about why the trial court’s timekeeping was erroneous. See Maloney v. Brassfield, 251 P.3d 1097, 1101-05 (Colo. App. 2010) (noting that the “conduct of the trial and the control of counsel . . . are fully within the discretion of trial court” (quoting Smartt v. Lamar Oil Co., 623 P.2d 73, 76 (Colo. App. 1980))). And apart from generally asserting that (1) he was unable to question Smiley about the exhibit and (2) Smiley was engaged in a “stall tactic” to limit Bray’s ability to “prove the best interests of the children, child custody, child support, and maintenance,” Bray doesn’t explain how his inability to examine Smiley about the contents of the Talking Parents log prejudiced him. We therefore also decline to address this argument as undeveloped. Vallagio, ¶¶ 39-40. V. Disposition ¶ 16 The judgment is affirmed. JUDGE HARRIS and JUDGE BROWN concur.